UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL FAIOLA, JR., ) | CASE NO. 4:23-cv-1854 |
| ) |  |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) |  |
| vs. ) |  |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| COUNTY OF MAHONING, *et al.*, ) |  |
| ) |  |
| DEFENDANTS. ) |  |

On September 25, 2023, *pro se* plaintiff Michael Faiola, Jr. ("Faiola") filed an *in forma pauperis* prisoner civil rights complaint in this case under 42 U.S.C. § 1983 against Mahoning County, its Sheriff, three of its Commissioners (C. Rimedio-Righetti, D. Ditzler, and A. Traficanti); the Mahoning County Justice Center (the "MCJC"), its Warden, "Contract Food Services," "Administration-Operations Staff," and "Food Services Contractors." (Doc. No. 1.) For the reasons set forth herein, Faiola's complaint is dismissed pursuant to 28 U.S.C. § 1915.

I. **BACKGROUND**

In his complaint, Faiola contends that conditions in the MCJC, where he was previously held as a pretrial detainee, violate "constitutional protections" and state law. (*Id.* at 3–4.[1]) He complains that the MCJC is "overcrowded[,] unsafe, [and] understaffed," and that he was

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system. According to the Ohio Department of Rehabilitation and Corrections' public website, Faiola is no longer detained at the Jail. OHIO DEP'T OF CORR., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A803921 (last visited Jan. 26, 2024). He was convicted and sentenced in Mahoning County, and is now incarcerated at Grafton Correctional Institution. *Id.*

"required to be locked in a cell double-bunked and for 15 hours per day with a toilet that constantly back[ed] up" and denied "fish [and] fruits on the food services menu." (*Id.* at 4–5.) Faiola seeks $1.5 million in damages. (*Id.* at 10.)

## II.  STANDARD FOR DISMISSAL

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). To survive a dismissal for failure to state a claim, the plaintiff's complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## III.  LAW AND ANALYSIS

Upon review, the Court finds that Faiola's complaint must be dismissed for failure to state a plausible claim under 42 U.S.C. § 1983, which requires a plaintiff to demonstrate that he suffered the deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Because Faiola's complaint pertains to conditions he alleges he experienced as a pretrial detainee, his constitutional protections originate from the Due Process Clause of the Fourteenth

Amendment, which protects detainees from being "punished prior to an adjudication of guilt[,]" rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). But like claims of convicted prisoners arising under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment require that he demonstrate both subjective and objective components. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316–17 (6th Cir. 2023).

To satisfy the objective component, a pretrial detainee must demonstrate that he suffered a "sufficiently serious" condition or deprivation in the prison context. *Id.* at 317. In this regard, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). Therefore, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citations omitted).

To satisfy the subjective component, a pretrial detainee must show that a defendant official "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); *see also Helphenstine*, 60 F.4th at 317.

Faiola's complaint fails to demonstrate a plausible Due Process claim. His allegations, even liberally construed, do not demonstrate the objective component of a claim, *i.e.*, that he suffered an "extreme" deprivation in the prison context. Prison conditions rise to the level of a constitutional

violation only when they involve the "wanton and unnecessary infliction of pain," or concern "deprivations of essential food, medical care, or sanitation" or other conditions intolerable for prison confinement. *Rhodes*, 452 U.S. at 347–48. But general prison conditions of overcrowding, standing alone, do not violate the Constitution. *See id.*; *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation."). Rather, a plaintiff bears the burden of showing that overcrowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities. *Rhodes*, 452 U.S. at 348.

Although Faiola generally complains that understaffing led to overcrowded and unsafe conditions in the MCJC, he does not allege facts supporting a plausible inference that such conditions led to his deprivation of essential food, medical care, sanitation, or other necessities. His claim that he was double-bunked in a cell fails to support a claim. The Supreme Court has held that double-bunking of pretrial detainees in cells originally designed for one person for several months does not violate the Constitution. *Bell*, 441 U.S. at 541–43 (holding that double-bunking of pretrial detainees in cells originally designed for one person for several months does not violate the Constitution); *Halliburton v. Sundquist*, 59 F. App'x 781, 782 (6th Cir. 2003).

Faiola's allegation that the toilet in his cell "constantly backed up" is also insufficient to demonstrate he suffered an "extreme" deprivation in the prison context. The Sixth Circuit has recognized on more than one occasion that temporary placement in a cell with non-flushable toilets does not violate the Constitution. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347) (holding that a prisoner's claims alleging that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet amounted to "only temporary inconveniences and did not demonstrate that [his] conditions fell beneath the

4

minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); *Abdur-Reheem-X v. McGinnis*, 193 F.3d 244 (Table), 1999 WL 1045069, at *2 (6th Cir. Nov. 12, 1999) (the Constitution "does not require that prisoners enjoy immediately available and flushable toilets"); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion.").

And he has failed to demonstrate a claim on the basis he has been denied fish and fruit on the prison menu. "Prisoners have a constitutional right to meals that meet their nutritional needs[,] . . . [b]ut there is no constitutional right for each prisoner to be served the specific foods he desires[.]" *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015). Nor does the Constitution require that jail food be tasty or widely varied. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977). A prison diet does not violate the Constitution when it satisfies an inmate's nutritional requirements, and Faiola does not allege facts demonstrating that the food he was provided, even if lacking in fish and fruit, failed to fulfill his nutritional needs. *See Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. 2001).

Beyond failing to allege an objectively extreme deprivation in the prison context, Faiola's complaint also fails to allege facts sufficient to impose liability on any defendant, or to demonstrate the required subjective element of a claim.

He has alleged no plausible claim against "Contract Food Services," "Administration-Operations Staff," and "Food Service Contractors" because he sets forth no factual allegations, or explanation, whatsoever in the body of his complaint indicating that, or how, these defendants were involved in the conditions of which he complains. "Merely listing names in the caption of

5

the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). *See also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

With respect to the remaining individual defendants—the Warden, County Commissioners, and Sheriff—Faiola fails to allege facts demonstrating their involvement in the specific conditions in the MCJC of which he complains other than generally contending they have some sort of overall responsibility with respect to the operations of the MCJC or had some general knowledge of double-bunking. (*See* Doc. No. 1, at 2.) But it is well established that a plaintiff cannot establish the liability of a supervisory defendant under § 1983 absent a clear showing that the defendant was personally involved in the activities which form the basis of his claims. *See Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995). Merely having supervisory authority in an institution, which Faiola at most alleges with respect to the Warden, County Commissioners, and Sheriff, is insufficient to establish liability under § 1983. *Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Further, Faiola has not alleged facts necessary to demonstrate the required subjective component of a Due Process claim with respect to any individual prison official. He has not alleged facts from which a plausible inference could be drawn that any individual defendant "acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known'" with respect to the conditions he

alleges. *Brawner*, 14 F.4th at 596 (citation omitted).

Finally, he has alleged no plausible claim against the MCJC because jails are not sui juris and cannot sue or be sued in their own right. *Martinez v. Lucas Cnty. Jail*, No. 3:21-cv-1900, 2022 WL 409264, at *2 (N.D. Ohio Feb. 10, 2022). Although county governments may be sued under § 1983, "[l]iability may be imposed on a county only when a county 'policy' or 'custom' caused the plaintiff's injury and a 'direct causal link' existed between the policy and the purported [rights violation]." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010). Beyond conclusory assertions, Faiola's complaint does not allege facts sufficient to support a plausible finding that an official policy or custom of Mahoning County itself was connected to the conditions in the MCJC, or, for the reasons discussed above, that such a policy caused a deprivation of his constitutional rights.

### IV. CONCLUSION

For all of the foregoing reasons, Faiola's complaint fails to state a plausible constitutional conditions-of-confinement claim under § 1983 against any defendant in the case and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 1, 2024

                                                **HONORABLE SARA LIOI**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**